

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 4 , 1970

Honorable Grover E. Murray          Opinion No. M- 623
President
Texas Tech University          Re:    Construction of Section
P. O. Box 4349                         5(c), Article 6252-6, and
Lubbock, Texas                         other related Vernon's
                                       Civil Statutes

Dear President Murray:

You have requested this office to prepare an opinion clarifying Section 5(c), Article 6252-6, and other related Vernon's Civil Statutes, in order to determine your authority to carry out a proposed plan, whereby Texas Tech University could, on a temporary basis, loan or exchange non-consumable personal property such as artifacts, paintings, and sculptures, etc., which belong to the University and the State, with other universities and/or museums over the United States. The proposed plan would have the State purposes of enhancing the reputation of Texas Tech University and the State of Texas, and of securing the loan of like properties in exchange from similar institutions.

Your request states in this connection:

"Texas Tech University has been considering the institution of a program wherein exhibit materials such as artifacts, paintings, sculptures and so on, owned by the University or our Museum may be loaned to other universities and/or museums over the country. Such a program could be of great value to us (1) in that temporary exchanges with other institutions could be effected, (2) in expanding our subject matter for educational study and viewing and (3) by encouraging study and viewing of new educational objects from time to time. We have certain items that we feel would enhance the reputation of Texas Tech and the State of Texas if this program is permissible."

Section 3 of Article 6252-6, Vernon's Civil Statutes provides in part:

"All real and personal property belonging to the State shall be accounted for by the head of the agency which has possession of the property.

"(a) The Comptroller of Public Accounts shall administer the property accounting system established by this Act. The State Auditor shall administer the property responsibility system established by this Act. The Comptroller shall issue such rules and regulations and manual of instruction and prescribe such records, reports, and forms as he deems necessary to accomplish the objects of this Act subject to the approval of the State Auditor. The State Auditor is directed to cooperate with the Comptroller in the exercise of the Comptroller's rule-making powers herein granted by giving technical assistance and advice."

Section 4(c) of Article 6252-6, directs that:

"All personal property owned by the State shall be accounted for by the agency which possesses the property. The Comptroller shall by regulation define what is meant by personal property for the purposes of this Act. Unless the Comptroller prescribes otherwise, personal property shall mean all non-consumable personal property. In promulgating such regulations, the Comptroller shall take into account the value of the property, its expected useful life, and cost of record keeping should bear a reasonable relationship to the cost of the property upon which records are kept. The Comptroller shall consult with the State Auditor in making such regulations and the Auditor shall cooperate with the Comptroller in the exercise of this rule-making power by giving technical assistance and advice."

Section 5 of Article 6252-6, provides in part, that:

"Each agency head is responsible for the proper custody, care, maintenance, and safekeeping of state property possessed by his agency.

"(a) Each agency head shall designate either himself or one of his employees as property manager. ...

"(b) The property manager shall maintain the required records on all property possessed by the agency and shall be the custodian of all such property.

"(c) No person shall entrust State property to any State official or employee <u>or anyone else to be used for other than State purposes</u>."     (Emphasis added.)

It is our opinion that the exchange of property may be accomplished in such a way as to constitute a state purpose. Article 2629, Vernon's Civil Statutes, declares that the purposes of Texas Tech College, among other things, is "...to elevate the ideals, enrich the lives and increase the capacity of the people..." The promotion and dissemination of education and culture is a public or governmental state purpose, which may be furthered by the proposed exchange of property.

In view of the foregoing, and limiting exchanges or loans of such personal properties to those where the purposes will in some way benefit the University and the State of Texas, we are of the opinion that the Comptroller of Public Accounts, upon consultation with and approval by the State Auditor, could promulgate certain rules and regulations, under the discretion conferred upon him pursuant to Section 4(c) of Article 6252-6, whereby certain personal property owned by Texas Tech University and the State of Texas, such as artifacts, paintings, and sculptures, etc., could be exchanged with other universities and/or museums over the United States on a temporary loan/or exchange basis, with ownership and constructive possession remaining with the University and the State. Responsibility for such personal property so exchanged would remain with the University as outlined in Section 5 of Article 6252-6.

S U M M A R Y

The Comptroller of Public Accounts, upon consultation with and approval by the State Auditor, could promulgate certain rules and regulations, under the discretion conferred upon him pursuant to Section 4(c) of Article 6252-6, Vernon's Civil Statutes, whereby certain personal property owned by Texas Tech University and the State of Texas, such as artifacts, paintings, and sculptures, etc., could be exchanged with other universities and museums over the United States on a temporary loan/or exchange basis, with ownership and constuctive possession remaining with the University and the State. Responsibility for such personal property so exchanged would remain with the University as outlined in Section 5 of Article 6252-6, Vernon's Civil Statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Terry Goodman
Richard Chote
Ed Esquivel
James Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant